# FREDERICK KEITH SINGLETON

## v.

# COMMONWEALTH OF VIRGINIA

No. 0325-91-4

Decided July 28, 1992

COUNSEL

J. Douglas Lewis, for appellant.

Virginia B. Theisen, Assistant Attorney General (Robert Q. Harris, Assistant Attorney General; Mary Sue Terry, Attorney General, on brief), for appellee.

OPINION

**WILLIS, J.**—On December 6, 1990, a jury found Frederick Keith Singleton guilty of distributing cocaine. On appeal, he contends that the trial court erred in denying his motion to set aside the verdict, or, in the alternative, for a mistrial, based upon a juror's response during polling of the jury. However, since this issue was not raised timely before the trial court, we cannot entertain it on appeal. Rule 5A:18. Accordingly, we affirm the judgment of the trial court.

After the verdict was returned, the jury was polled. The clerk asked juror Beth Scott, "Beth Scott, is this your verdict?" She answered, "No, I have a reasonable doubt." The court then asked Ms. Scott, "Is this your verdict or it's not your verdict?" She answered, "Yes. We've discussed it."

The dialogue continued as follows:

THE COURT: You have discussed it?

MS. SCOTT: Yes.

THE COURT: And this is your verdict, all right.

The remaining jurors agreed with the verdict. Defense counsel stated, "I am concerned about the one jury [sic] indicating that this was not her verdict, she had a reasonable doubt." The court again addressed Ms. Scott.

THE COURT: I inquired, and I'll inquire again.

Is this or is this not your verdict; do you agree with your fellow jurors and is this a unanimous verdict?

MS. SCOTT: Yes, it is, after we discussed it, yes.

THE COURT: And this is based upon a thorough examination of the evidence with your fellow jurors and application of the law that was given to you by the court?

MS. SCOTT: Yes.

THE COURT: The verdict is received.

Following discussion of another matter, defense counsel stated, "Your Honor, I'm still concerned about whether or not this is a unanimous verdict. Frankly, I don't know what the next step is that should be taken."

Again, the court questioned Ms. Scott.

THE COURT: The juror who indicated that she had some doubt, I do not believe—is this your first jury?

MS. SCOTT: Yes.

THE COURT: I do not believe that she understood the import of the question, and that's why I asked at least three times.

I'm convinced that she understands now that her answer as to whether or not the verdict that was received was her verdict and a unanimous verdict is what she intended.

[t]he Court is satisfied they understand the question. And the answer is an accurate reflection of their verdict, and I'm convinced that these twelve jurors have reached a unanimous decision and found Mr. Singleton guilty on the evidence and that the evidence was to their satisfaction beyond a reasonable doubt.

The jury was discharged. The case was continued for receipt of a pre-sentence report and sentencing.

On January 23, 1991, Singleton moved the court to set aside the verdict and enter a judgment of acquittal, or, in the alternative, to declare a mistrial and award a new trial. He asserted that the verdict was not unanimous, because juror Scott indicated she had a reasonable doubt. He contended that the trial court should have sent the jury back for further deliberation, questioned the juror about her reasonable doubt, or allowed defense counsel to question her. This appeal addresses the denial of that motion.

(1) Rule 5A:18 provides:

> No ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice.

Singleton raised no objection and made no motion during the poll of the jury or before its discharge. He sought no relief. Indeed, his counsel stated, "Frankly, I don't know what the next step is that should be taken." His post-trial motion, following the discharge of the jury, came too late. *See Gardner v. Commonwealth*, 3 Va. App. 418, 424, 350 S.E.2d 229, 232 (1986).

We find no reason to invoke the ends of justice exception to the application of Rule 5A:18. The trial court's examination of the equivocating juror was simple and non-coercive. The resolution of her ambiguity came from her own mouth. The trial court declared itself satisfied that she joined in the verdict and that the verdict was unanimous. The record supports this conclusion.

Accordingly, we affirm the decision of the trial court.

*Affirmed.*

Duff, J., and Bray, J., concurred.